UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60660-CIV-HUCK

ALLISON STEINBERG, individually, and
on behalf of all others similarly situated,

        Plaintiffs,

vs.

STITCH & CRAFT, INC., a Florida
corporation,

        Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS**

        THIS MATTER is before the Court upon Defendant's Motion to Dismiss Plaintiff's Class Action Complaint [D.E. #3], filed June 6, 2004.  Plaintiff filed a response in opposition to the Motion and Defendant did not reply.  The Court, having considered the Motion and response, and being otherwise fully advised in the premises, denies the Motion.

**I.**    **Background**

        Plaintiff filed a Class Action Complaint on May 6, 2009, alleging that Defendant Stitch & Craft violated the Fair and Accurate Credit Transactions Act ("FACTA"), a law enacted in 2003 to prevent identity theft and credit/debit card fraud.  FACTA states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number *or the expiration date* upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C. § 1681c(g)(1) (emphasis added).  The Complaint alleges that on April 24, 2009, the parties engaged in a transaction in which Defendant provided Plaintiff with a printed receipt bearing Plaintiff's credit or debit card expiration date.  Compl. ¶ 13.  The parties do not dispute that the Complaint adequately alleges a violation of FACTA.  They disagree, however, on whether the allegations sufficiently allege "willful" noncompliance with FACTA, which is a statutory prerequisite to monetary recovery.  FACTA's civil liability provision states that:

        Any person who willfully fails to comply with any requirement imposed under this

>title with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>   (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000 . . .
>   (2) such amount of punitive damages as the court may allow; and
>   (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a).

Defendant also calls the Court's attention to 15 U.S.C. § 1681n(d), which was added in 2008 when Congress passed the Credit and Debit Card Receipt Clarification Act ("Clarification Act"). Section (d) provides that:

>For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection [enacted June 3, 2008] but otherwise complied with the requirements of section 605(g) [15 U.S.C. § 1681c(g)] for such receipt shall not be in willful noncompliance with section 605(g) [15 U.S.C. § 1681c(g)] by reason of printing such expiration date on the receipt.

15 U.S.C. § 1681n(d). The Clarification Act was passed by Congress in 2008 to eliminate a flurry of claims filed solely based on the printing of expiration dates in the period following the enactment of FACTA. *See* Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241; 121 Stat. 1565 (2008). Congress found that the class action complaints filed as a result of merchants inadvertently printing their customers' credit card expiration dates were an abuse of the legal system, as well as an undue economic burden on the companies that were sued, because none of the consumers bringing suit had suffered any actual harm. *Id*. Nevertheless, Congress left the expiration date language in § 1681c(g)(1) intact and instead crafted a more limited solution which gave merchants more time to comply with FACTA.

Defendant now moves to dismiss the Complaint. Defendant argues that "the spirit and legislative intent of the [Clarification] Act when coupled with the fact that it has already taken the necessary actions to fully comply with FACTA, should serve to warrant dismissal of this cause of action based upon a lack of willful intent to so violate the terms therein." Def.'s Mot. to Dismiss ¶ 7. Defendant concedes that its actions are not governed by the Clarification Act because "the alleged violation occurred after June 3, 2008." *Id.*

**II.     Motion to Dismiss Standard**

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). In this regard, however, a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *See, e.g.*, *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**III.    Analysis**

The only issue that the Court must resolve on this motion is whether the Complaint alleges that Defendant wilfully violated the statute. Where willfulness is a condition of civil liability, it encompasses violations of the law that are knowing or reckless. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007) ("[W]here willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well . . . ."); *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009) (defendant acts willfully when he "violates the terms of the Act with knowledge or reckless disregard for the law"); *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009) ("To prove a willful violation [under FACTA], a consumer must prove that [the defendant] either knowingly or recklessly violated the requirements of the Act.").

Plaintiff's allegations of willfulness are based on disclosures provided by major credit card companies to merchants following the enactment of FACTA. *See* Compl. ¶¶ 15-17. Plaintiff alleges that Defendant had actual and constructive knowledge of FACTA's requirements several years before it was required to come into compliance, but nonetheless ignored these requirements after FACTA became effective. *Id.* at ¶¶ 8, 20. The Complaint states that major credit card companies

"notified the merchants, *including the Defendant*, that the FACTA prohibited the printing of more than the last five digits of the credit/debt card number and/or the expiration dates associated with the credit/debit card account and that they were required to comply with the FACTA." *Id.* at ¶ 15 (emphasis added). Finally, the Complaint alleges Defendant violated FACTA because it "did not wish to incur the additional expense of reprogramming or updating its point-of-sale equipment." *Id.* at ¶ 21.

These allegations are sufficient to infer that Defendant acted knowingly or recklessly when it violated the statute. *See, e.g.*, *Bauer v. Shell Factory*, LC, No. 2:08-cv-68-FtM-29SPC, 2008 WL 2261764, 2008 U.S. Dist. LEXIS 43116 (M.D. Fla. May 30, 2008) (finding that willfulness could be presumed from the allegation that the defendant violated FACTA four years after it was passed); *Follman v. Vill. Squire, Inc.*, 542 F. Supp. 2d 816, 820 (N.D. Ill. 2007) (defendant's conduct could be willful because it was notified of FACTA's requirement by major credit card companies); *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 757 (E.D. Pa. 2007) (allegations that "(1) Congress gave stores a three-year window to come into compliance, (2) VISA and MasterCard sent stores notification of FACTA's requirements, and (3) most of the defendant's peers and competitors came into compliance" sufficient to plead willfulness).[1]

Defendant makes two arguments to the Court that its conduct was not wilfull, but neither is persuasive. First, Defendant argues that the subsequent remedial measures it took to comply with FACTA indicate that its behavior was not willful. Defendant states that as of June 1, 2009, it is in full compliance with FACTA's requirements. On a motion to dismiss for failure to state a claim, however, the only issue is whether a "construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ.*, 992 F.2d at 1174. The Complaint alleges that Defendant

---

[1] The one outlier appears to be a case in this district, which held that willfulness "is not established by the mere fact that FACTA's requirements were well-publicized in the media and contained in Defendant's credit card agreements." *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1362 (S.D. Fla. 2009). However, the plaintiff in *Rosenthal* filed a second amended complaint which made specific allegations that the defendant's bank notified it directly of FACTA's requirements, and the defendant's second motion to dismiss was denied. *See Rosenthal v. Longchamp Coral Gables LLC*, No. 08-21757-CIV, 2009 WL 1854846, 2009 U.S. Dist. LEXIS 59084 (S.D. Fla. June 29, 2009). The Court notes that the parties should have cited this case in their papers.

knew of its obligations under FACTA but ignored them.  Compl. ¶¶ 8, 20.  This allegation is sufficient to support Plaintiff's claim that Defendant acted willfully when it violated FACTA by printing Plaintiff's credit card expiration date on her receipt.  Defendant's argument regarding subsequent remedial measures has no bearing on whether the allegations in the Complaint are sufficient.

Defendants's second argument is that the congressional intent behind the Clarification Act indicates that its actions were not willful.  But while Congress may have believed the harm resulting from merchants printing credit/debit card expiration dates was slight, the clear terms of the statute place no limits on liability for acts occurring after June 3, 2008.  15 U.S.C. § 1681n(d).  *Cf. Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003) (internal quotation marks omitted) ("And where, as here, the words of the statute are unambiguous, the judicial inquiry is complete."); *Gonzalez v. McNary,* 980 F.2d 1418, 1420 (11th Cir. 1993) ("Courts must assume that Congress intended the ordinary meaning of the words it used, and absent a clearly expressed legislative intent to the contrary, that language is generally dispositive.").  Defendant's own Motion states that "Defendant does not specifically allege that its actions are governed by the . . . Clarification Act as the alleged violation occurred after June 3, 2009."  Def.'s Mot. to Dismiss ¶ 7 (citation omitted).

**IV.     Conclusion**

Plaintiff's complaint sufficiently alleges willful noncompliance with 15 U.S.C. § 1681c(g)(1), as required by 15 U.S.C. § 1681n(a).  Accordingly, it is

ORDERED that Defendant's motion to dismiss [D.E. #3] is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this 17th day of August, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record